UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CONNIE BISHOP, *on behalf of herself
and all others similarly situated*

    *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Association,* and
JACOB E. ENSOR, *individually*

    Defendants.
_____/

## CLASS ACTION COMPLAINT and JURY DEMAND

1. Plaintiff, Connie Bishop, alleges violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

3. Plaintiff, Connie Bishop ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, Ross Earle & Bonan, P.A. ("REB"), is a Florida Professional Association and law firm engaged in the business of collecting consumer debts, which operates from offices located at 789 South Federal Highway Suite 101, Stuart, Florida 34994.

1

5. Defendant, Jacob E. Ensor ("Ensor") is an attorney and member of the Florida Bar doing business from offices 789 South Federal Highway Suite 101, Stuart, Florida 34994, and is engaged in the business of collecting consumer debts.

6. Defendant REB and Defendant Ensor herein collectively referred to as ("Defendants").

7. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

8. Defendants regularly collect or attempt to collect debts for other parties. Defendants are "debt collectors" as defined in the *FDCPA*.

9. Federal Courts have held that dunning letters sent by law firms for an alleged arrearage to homeowner's associations may fall under the purview of the *FDCPA*.

10. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. All acts or omissions of Defendant Ensor were within the scope of his employment by Defendant REB or were otherwise authorized by Defendant REB.

12. Defendant REB is vicariously liable for the actions of Defendant Ensor performed within the scope of his employment at Ross Earle & Bonan, P.A.

**FACTUAL ALLEGATIONS**

13. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to Plaintiff's homeowner's association.

14. On or about December 23, 2014, Defendants sent a demand letter to Plaintiff's attorney seeking to collect an alleged debt due to Plaintiff's homeowner's association. The demand letter was on Defendant REB's letterhead signed by Defendant Ensor. (The "Demand Letter" attached hereto as "Exhibit 1").

15. The Defendants' Demand Letter demanded Plaintiff pay fines due to her homeowner's association. The Demand Letter requested payment be sent to Defendant REB's office.

16. The Defendants' Demand Letter stated in part:

> **NOTICE:** The undersigned attorney is a debt collector attempting to collect a debt owed to the Association. Any information obtained will be used for that purpose.
>
> Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt.

17. The alleged debt arises from Plaintiff's ownership of her single family residence which was her residence.

18. Pursuant *15 U.S.C §1692g(a)(4)* the Defendants must provide the Plaintiff with:

> Validation of debts.
>
> (a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> xxxx
>
> (4) a statement that if the consumer **notifies the debt collector in writing** within the thirty-day period that the debt or any portion

3

> thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(Emphasis added.)

19. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Defendants' Demand Letter misleadingly omits the writing requirement to obtain verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

21. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT ROSS EARLE & BONAN, P.A.

22. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters that contained the phrase, "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." (iii) were mailed, delivered or caused to be served by the Defendant REB (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or

4

household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

23. Plaintiff alleges on information and belief based upon the Defendant REB's use of the phrase, "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt."  in its letters that omitted requests for verification of the debt be in writing, served upon the Class is so numerous that joinder of all members of the Class is impractical.

24. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member was served with a letter by Defendant REB that contained the phrase, "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt."  that omitted requests for verification of the debt be in writing.  The common principal legal issue is whether Defendant REB's wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given their validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector, that omitted the writing requirement for requests of verification of the debt.

25. Plaintiff's claim is typical of those of the Class members.  All are based on the same facts and legal theories.

5

26. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

27. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I

### VIOLATION OF *15 U.S.C. § 1692g(a)(4)*
### CLASS CLAIM AGAINST ROSS EARLE & BONAN, P.A.

29. Plaintiff incorporates Paragraphs 1 through 21.

30. *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendants must provide Plaintiff with:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

6

31. Defendants sent a Demand Letter to Plaintiff's attorney on behalf of Magnolia Lakes Residents' Association, in an attempt to collect a consumer debt, namely to collect alleged fines due to Plaintiff's homeowner's association.

32. By claiming to have given Plaintiff the information required by the *FDPCA*, Defendants have attempted to mislead the Plaintiff into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

33. Defendants' Demand Letter incorrectly omits the writing requirement to request verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

34. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

35. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## VIOLATION OF *15 U.S.C. § 1692e*
## CLASS CLAIM AGAINST ROSS EARLE & BONAN, P.A.

36. Plaintiff re-alleges Paragraphs 1 through 21.

37. *15 U.S.C. § 1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. Defendants' Demand Letter incorrectly omits the writing requirement to request verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

39. By claiming to have given Plaintiff the information required by the Federal Law, Defendants have attempted to mislead the Plaintiff into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

40. Defendants' Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits the writing requirement for requests of verification of the debt; thereby misleading the consumer to believe that he/her may request this information over the telephone despite the clear requirements of *15 U.S.C. §§1692g(a)(4)*.

41. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

42. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

### COUNT III

### VIOLATION OF *15 U.S.C. § 1692g(a)(4)*
### PLAINTIFF'S INDIVIDUAL CLAIM AGAINST JACOB E. ENSOR

43. Plaintiff incorporates Paragraphs 1 through 21.

44. *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendants must provide Plaintiff with:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

45. Defendants sent a Demand Letter, which was signed by Defendant Ensor, to Plaintiff's attorney on behalf of Magnolia Lakes Residents' Association, in an attempt to collect a consumer debt, namely to collect alleged fines due to Plaintiff's homeowner's association.

46. By claiming to have given Plaintiff the information required by the *FDPCA*, Defendants have attempted to mislead the Plaintiff into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

47. Defendants' Demand Letter incorrectly omits the writing requirement to request verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

48. As a result of Defendants' conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k* against Defendant Ensor.

49. As a result of Defendants' conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k* against Defendant Ensor.

## COUNT VI
## VIOLATION OF *15 U.S.C. § 1692e*
## PLAINTIFF INDIVIDUAL CLAIM AGAINST JACOB E. ENSOR

50. Plaintiff re-alleges Paragraphs 1 through 21.

51. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. Defendants' Demand Letter incorrectly omits the writing requirement for requests of verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

9

53. By claiming to have given Plaintiff the information required by the Federal Law, Defendants have attempted to mislead the Plaintiff into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

54. Defendants' Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits the writing requirement for requests of verification of the debt; thereby misleading the consumer to believe that he/her may request this information over the telephone despite the clear requirements of *15 U.S.C. §§1692g(a)(4)*.

55. As a result of Defendants' conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k* against Defendant Ensor.

56. As a result of Defendants' conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k* against Defendant Ensor.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor, against Defendant REB and Defendant Ensor, for:

 a. An Order certifying this matter as a Class action and appointment Connie Bishop as Class Representative as to all claims against Defendant REB;

 b. An Order appointing Leo W. Desmond as Class Counsel;

 c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

 d. An award of statutory damages against Defendant Ensor for all Plaintiff's individual claims pursuant to *15 U.S.C. §1692k;*

 e. An award of attorney's fees, litigation expenses and costs of the instant suit; and

 f. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: February 18, 2015

                              Respectfully submitted,

                              /s/ Leo W. Desmond
                              LEO W. DESMOND, ESQ.
                              Florida Bar No. 0041920
                              5070 Highway A1A
                              Suite D
                              Vero Beach, FL  32963
                              Telephone: 772-231-9600
                              Facsimile:   772-231-0300
                              lwd@verobeachlegal.com
                              *Attorney for Plaintiff*

                              /s/ S. Keley Jacobson
                              S. KELEY JACOBSON, ESQ.
                              Florida Bar No. 102200
                              5070 Highway A1A
                              Suite D
                              Vero Beach, FL  32963
                              Telephone: 772-231-9600
                              Facsimile:   772-231-0300
                              jacobson@verobeachlegal.com
                              *Attorney for Plaintiff*