UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14051- KAM

CONNIE BISHOP, *on behalf of herself
and all others similarly situated*

    *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Corporation,* and
JACOB E. ENSOR, *individually*

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**I.  Introduction**

Plaintiff's Class Action Complaint [DE 1] ("Complaint") states a cause of action based upon Defendants' violations of *15 U.S.C. §1692g(a)(4)* and *15 U.S.C. §1692e(10)*. Plaintiff alleges that Defendants attempted to mislead Plaintiff and the class as defined by the Complaint by omitting the writing requirement necessary to obtain verification of the debt as required by *15 U.S.C. §1692g(a)(4)*.

Defendants' Motion to Dismiss contends that the allegations in Plaintiff's Complaint's fails to establish violations of the Fair Debt Collection Practices Act ("FDCPA"). However, this Response will illustrate Plaintiff has established a *prima facie* violation of the FDCPA and Defendants' Motion to Dismiss should be denied in its entirety.

## II. Standard of Review

Motions to dismiss based on *Federal Rule of Civil Procedure ("Rule") 12(b)(1)* can challenge jurisdiction facially or factually. *Smith v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 101197, *4 (S.D. Cal. July 20, 2012) citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial attacks assert the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction, whereas factual attacks dispute the truth of the allegation that would otherwise suffice to establish federal jurisdiction. *Id.* *4-5. Here, Defendants contend their attack is factual. When the attack is factual the "court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Here, Plaintiff's Response will show that Plaintiff has established subject matter jurisdiction.

In considering a *Rule 12(b)(6)* motion to dismiss, a court's review is "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Additionally, when reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inference derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

The court must next determine whether the well-pled facts state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has "well-

pled" the facts that gave rise to her Complaint. The facts supporting each element of the cause of action are well pled. Thus, Plaintiff has stated a valid cause of action.

"In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh*, 823 F. Supp. 209, 215 (S.D.N.Y. 1993).

The "Demand Letter" [DE 1-4] is attached to the Complaint, and thus may be considered by the Court in reviewing this Response in Opposition to Defendants' Motion to Dismiss. See *Kinsey v. Mlh Fin. Servs.*, 509 Fed. Appx. 852 (11th Cir. 2013); *Hodge v. Orlando Utils Comm'n*, 2009 U.S. Dist. LEXIS 110464 (M.D. Fla. Nov. 23, 2009) (internal citations omitted).

## MEMORANDUM OF LAW

### III. Plaintiff has pled a *prima facie* violation of the FDCPA

Under *Rule 8(a)(2)*, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under *Rule 12(b)(6)*, they did not radically alter federal pleading standards under *Rule 8*. Under *Twombly*, a complaint will not be dismissed under *Rule 12(b)(6)* if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegation must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. *Twombly*, 550 U.S. at 544-55. This is consistent with the requirements of *Rule 8(a)(2)*, which requires that a complaint "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair

3

notice of what… the claim is and the grounds upon which it rests.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007); see also *Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008) (citing *Twombly*, 550 U.S. 544)("'heightened fact pleading of specifics is not required to survive a motion to dismiss.'"). What's more, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3rd Cir. 2005).

In order to establish a *prima facie* case against a party for violations of the FDCPA, Plaintiff must demonstrate: (1) they have been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009).

In determining whether a debt collection practice is deceptive or misleading, the practice must be viewed objectively from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-1194 (11th Cir. 2010). So long as a transaction creates an obligation to pay, a debt is created for purposes of the FDCPA. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997).

In the instant matter, the following facts have been alleged: (1) Plaintiff incurred the consumer debt at issue to Plaintiff's homeowner's association for fines assessed against her home [DE 1 ¶¶13, 15, 17][1]; (2) Defendants sent Plaintiff's attorney a letter demanding Plaintiff

---

[1] See [DE1-5 page 2] "**NOTICE:** The undersigned attorney is a _debt_ collector attempting to collect a _debt_ owed to the Association."(Underline and italics added.)  Additionally, Plaintiff respectfully requests the Court take judicial notice of Declaration of Restrictions and Protective Covenants For Magnolia Lakes: Recorded in the Saint Lucie County Official Records Book 1722 Page 774.  Specifically pages, 783, 785, 786, which state that "fines" shall be levied as Special Assessments.  See also: *Abby v. Paige*, 2013 U.S. Dist. LEXIS 4625 (S.D. Fla. Jan. 11, 2013); (A homeowner association's assessment is a "debt" under the FDCPA.);  *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 2011 U.S. Dist. LEXIS 109826 (S.D. Fla. Sept. 26, 2011); (Collection of community association fees is a debt collection activity and therefore falls under the purview of the FDCPA.); *Williams v.* Edelman, 408 F.

pay the fines due to the homeowner's association [*Id.* ¶¶ 14, 31,45]; (3) Defendants have made false and or/deceptive allegations in the aforesaid Demand Letter in violation of *15 U.S.C. §§ 1692g and 1692e* of the FDCPA [*Id.* ¶¶ 32, 33, 38, 39, 40, 46, 47, 52, 53, 54]. In sum, Plaintiff has established her *prima facie* burden for establishing a violation of the FDCPA.

**IV.    The Demand Letter to Plaintiff's attorney did trigger the FDCPA because it was a communication in connection with the collection of a debt.**

Defendants contend since their Demand Letter was sent to the Plaintiff's attorney, the provisions of the protective provisions of the FDCPA do not apply to their communications in connection with the alleged debt at issue.[2] A letter that violates the FDCPA that is sent to a debtor's attorney, should not allow the debt collectors to subvert the requirements of the FDCPA. *Allen v. LaSalle Bank*, 629 F.3d 364, 368 (3d Cir. 2011). The FDCPA defines the term "communication" as the conveying of information regarding a debt directly or *indirectly* to *any* person through any medium. *15 U.S.C. § 1692a(2)*. The scope of the FDCPA is broad and defines communication expansively. *Allen v. LaSalle Bank*, 629 F.3d at 368. Therefore, Defendants' Demand Letter to Plaintiff's attorney is an *indirect communication* with the Plaintiff and thus actionable under the FDCPA.

Courts, when interpreting a statute, should presume that the statute means what the words say. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992). The FDCPA unambiguously defined the term "communication."

---

Supp. 2d 1261 (S.D. Fla. 2006); *Agan v. Katzman & Korr, P.A.*, 2004 U.S. Dist. LEXIS 4158 (S.D. Fla. Mar. 16, 2004) Condominium assessments are debts covered by the FDCPA.

[2] The Plaintiff respectfully request the Court take judicial notice of *Geniti v. Ross Earle & Bonan, P.A.* Case No. 2:13-cv-14390-JEM (S.D. Fla. Oct. 3, 2013) [DE 1-1], attached hereto as "Exhibit 1". On information and belief, Plaintiff alleges Defendants have known the language in their form demand letters violate the FDCPA since 2013, yet Defendants have continued to send out the same demand letter not only to debtors' attorneys but as well as the debtors/consumers directly. The Notice language in the *Geniti* demand letter is identical to the language Plaintiff alleges to be violative of the FDCPA in the instant case.

The plain meaning of the term communication controls in this matter. See *Connecticut Nat'l Bank*, 503 U.S. at 254. ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981); See *Thorne v. Accounts Receivable Management, Inc.*, 2012 U.S. Dist. LEXIS 109165, *20 (S.D. Fla. July 23, 2012)("[T]he Court sees no reason to depart…from the Eleventh Circuit's canons of statutory construction: 'The first rule in statutory construction is the determination whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry.'" quoting *United States v. Tobin*, 676 F.3d 1264 (11th Cir. 2012).[3]

Defendants' communication to Plaintiff's attorney is an indirect communication to Plaintiff in regards to the collection of the alleged debt, therefore the provisions of the FDCPA are triggered. See *Allen*, 629 F.3d 368. ("A communication to a consumer's attorney is undoubtedly an indirect communication to the consumer.); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007); ("A communication to debtor's counsel, regarding a debt collection lawsuit in which counsel is representing the debtor, plainly qualifies as an indirect communication to the debtor."); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007); ("[A]ny written notice sent to the lawyer must contain the information that would be required by the Act if the notice were sent to the consumer directly."); *Quesenberry v. Alliant Law Group, PC*, 2010 U.S. Dist. LEXIS 27866, *6 (E.D. Tex. Mar. 5, 2010);("[L]ooking at the plain language of the statute, the Court finds that a false representation to a debtor's attorney can indeed violate the

---

[3] See also: *Kline v. Mortg. Elec. Sec. Sys.*, 2012 U.S. Dist. LEXIS 55366, * 9-10 (S.D. Ohio Apr. 19, 2012) citing to Brief of Amicus Curiae U.S., *Fein, Such, Kahn & Shepard, PC, v. Allen*, No. 10-1417 (U.S. Dec. 23, 2011)(Recommending the Supreme Court deny writ of certiorari.) The Solicitor General, speaking on behalf of the Consumer Financial Protection Bureau and Federal Trade Commission, two federal agencies in control of interpreting the FDCPA, stated that if Congress wants to exclude communications from an attorney/debt collector to a debtor's attorney, Congress would have done so. Noting that *Section 1692c(b)* prohibits a debt collector from communicating with third parties in regards to the collection of any debt, but an exception is made from the debtor's attorney.

Act.") *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, (3d Cir. 2013); (The FDCPA defines communication broadly…'[a] communication to a consumer's attorney is undoubtedly an indirect communication to the consumer.' Citing *Allen*, 629 F.3d at 368.); *Ogbin v. Fein*, 414 Fed. Appx. 456, 458 (3d Cir. 2011); (Holding letters sent to a debtor's attorney are actionable under the FDCPA); *Panto v. Prof'l Bureau of Collections*, 2011 U.S. Dist. LEXIS 23328, *21 (D.N.J. Mar. 7, 2011)("[A] communication by the debt collector to the consumer's attorney is actionable under the FDCPA…"); *Kline v. Mortg. Elec. Sec. Sys.*, 2012 U.S. Dist. LEXIS 55366 (S.D. Ohio Apr. 19, 2012) (Communications to a debtor's attorney are subject to the FDCPA.).

The *Sayyed* court stated:

> [I]n a section entitled, 'Communication in connection with debt collection,' the statute provides that, if the debt collector knows the debtor is represented by an attorney in connection with the debt, and if the debt collector can readily ascertain the attorney's contact information, the debt collector may not communicate directly with the debtor…*See id. §1692c(a)(2)*. This provision is but another indication that communications with a debtor's attorney with regard to the debt are 'communications' as defined and regulated by the FDCPA…
>
> If the statute left any room for doubt about this issue, *Heintz* resolved it. *Heintz* itself involved a communication from a debt collection attorney to debtor Darlene Jenkins' counsel, not to Jenkins herself. *See 514 U.S. at 293.* The Supreme Court held that Jenkins had a cause of action under the FDCPA on the basis of statements contained within the letter to her counsel. *See id. at 294.* Thus plainly, the FDCPA covers communications to a debtor's attorney.

*Sayyed*, 485 F.3d at 232-233.

The Defendants' complied with *15 U.S.C. §1692c(a)(2)* of the FDCPA, which requires debt collectors contact a debtor who is represented through the debtor's counsel, when it sent the Demand Letter to Plaintiff's attorney. However, Defendants' compliance with *15 U.S.C. §1692c(a)(2)* does not excuse Defendants from their responsibility to abide by the FDCPA's

7

other provisions. The Defendants' Demand Letter incorrectly omitted the writing requirement for requests of verification of the debt as required by *15 U.S.C. §1692g(a)(4)* and therefore in violation of *15 U.S.C. §1692g(a)*. This omission is misleading and therefore violative of *15 U.S.C. §1692e,* as it would lead the consumer debt to believe that the request for verification of the debt could be requested over the telephone. The FDCPA would apply if a debt collector were collecting a debt from a lawyer just as it would if the debt collector were collecting a debt from a nonlawyer. *Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 953 fn.12 (10th Cir. 1996). See *Evory*, 505 F.3d at 773. ("[A]ny written notice sent to the lawyer must contain the information that would be required by the Act if the notice were sent to the consumer directly." citing National Consumer Law Center, *Consumer Credit Law Manual* § 8.02[5][b] (2004);cf. *Heintz v. Jenkins*, 514 U.S. 291, (1995).); *Captain v. ARS Nat'l Servs.*, 636 F. Supp. 2d 791, 795 (S.D. Ind. 2009)("[Section] 1692e also applies to communications to lawyers.") *Matmanivong v. Unifund CCR Ptners,* 2009 U.S. Dist. LEXIS 36287, *12 (N.D. Ill. Apr. 28, 2009)("Communications to lawyers and the court are subject to Section 1692e the same way that communications to consumers are subject to the FDCPA."); *Massa v. I.C. Sys., Inc.*, 2008 U.S. Dist. LEXIS 13191, *6 (S.D. Ind. Feb. 21, 2008)( Following *Evory* "that a debt collector's false representation to a consumer's lawyer may violate the FDCPA.")[4]

The FDCPA is a strict liability statute. *Allen*, 629 F.3d 368.[5] If a communication that would otherwise violate the FDCPA escapes liability because the communication was directed towards

---

[4] See also: *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1105 (D. Or. 2000); A debt collector may be responsible for FDCPA violations for statements or letters to the consumer's attorney.
[5] See also: *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010); *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

the consumer's attorney, it would weaken the preventive effect of strict liability. *Id.*[6] Additionally, the Consumer Financial Protection Bureau (CFPB) prepared an amicus brief supporting the decision in *Allen* and urged the U.S. Supreme Court to deny certiorari in the case. Brief of Amicus Curiae U.S., *Fein, Such, Kahn & Shepard, PC, v. Allen*, No. 10-1417 (U.S. Dec. 23, 2011). Because Defendants' sent the Demand Letter to Plaintiff's counsel, instead of Plaintiff, Defendants should not be able to circumvent the strict liability of the FDCPA.

Additionally, Defendant Ensor's conduct is questionably in violation of *Florida Rules of Professional Conduct 4-4.1*, which requires attorneys to not knowingly make a false statement to a third party. Here, the third party was Plaintiff's counsel, and the false statement was the wrong description of the FDCPA, in his letter addressed to Plaintiff's counsel.

### V. Defendants' case law is distinguishable from the issues raised by Plaintiff.

Defendants' reliance on *Miljkovic v. Dinkin*, 2014 U.S. Dist. LEXIS 98200 (M.D. Fla. July 18, 2014); *Champion v. Target Nat'l Bank*, 2013 U.S. Dist. LEXIS 188123 (N.D. Ga. Mar. 22, 2013); *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. Appx. 128 (3d Cir. 2009); *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002); and *Richmond v. Higgins*, 435 F.3d 825 (8th Cir. 2006) is misplaced.

The courts in *Richmond*, *Kropelnicki*, and *Schaffhauser* did not even decide on the issue of whether the FDCPA would apply to a communication with a debtor's attorney. *Richmond*, 435 F.3d at 828. ("Because we affirm on an alternative basis, we find it unnecessary to decide whether the FDCPA would apply to communications with a debtor's attorney at this time."); *Kropelnicki*, 290 F.3d at 128. ("Where an attorney is interposed as an intermediary between a

---

[6] See also: Brief of Amicus Curiae U.S., *Fein, Such, Kahn & Shepard, PC, v. Allen*, No. 10-1417 (U.S. Dec. 23, 2011) (Recommending the Supreme Court deny writ of certiorari.) "[T]he FDCPA would be substantially self-defeating if compliance with the requirement that represented consumers be contacted through counsel could insulate debt collectors from all of the Act's other prohibitions." *Id.* Page 11

9

debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's…behavior. However, this is not an issue on which we need to rule today." (Plaintiff's claims dismissed under the *Rooker-Feldman* doctrine. *Id.* at 129.)). *Schaffhauser*, 340 Fed. Appx. at 131 fn7. ("[T]here is a serious question whether communications between attorneys are subject to the FDCPA." (Plaintiffs' claims were dismissed because their FDCPA claim fell outside the statute of limitations. *Id*. at 131.)).

Additionally, the issues in *Champion* and *Miljkovic*, were whether court filings are "communications" under the FDCPA. In both cases, the courts found that court filings are not communications under the FDCPA because the filings are directed at the court and not the debtor. *Champion*, 2013 U.S. Dist. LEXIS 188123 at *26. ("Given that the Motion to Transfer was not a 'communication' as defined in *15 U.S.C. § 1692a(2)* there was no need for defendant to disclose therein that it was a debt collector attempting to collect a debt.") *Miljkovic*, 2014 U.S. Dist. LEXIS 98200 at *11("Defendants' sworn reply was filed and directed at the state court, not Miljkovic **or his attorney**.")[7] emphasis added.

In *Brazier v. Law Offices of Mitchell N. Kay, P.C.*, 2009 U.S. Dist. LEXIS 22557 (M.D. Fla. Mar. 19, 2009), defendant addressed a letter to plaintiff "care of" plaintiff's attorney. *Id.* at *5. The issue in *Brazier*, was who the letter was intended for and whether the "least sophisticated consumer" standard applied. *Id.* The court stated communications directed **solely** to a debtor's counsel are not actionable under the FDCPA. *Id.* (emphasis added). However, the court found a dispute of genuine and material fact and therefore denied plaintiff's motion for summary judgment. *Id.* In the instant case, Plaintiff's claims are distinguishable. Defendants' Demand Letter was not a communication directed **solely** to Plaintiff's attorney. Here Defendants'

---

[7] It is notable that Defendants' interpretation of *Miljkovic*, stands for the proposition that a "paper filed in lawsuit directed to the court **and opposing counsel** not actionable" [DE 9 page 5]. (emphasis added.)

Demand Letter requests Plaintiff's attorney to **communicate to Plaintiff** in regards to the collection of the debt.  See [DE 1-5] ("Please have Ms. Bishop remit payment for the fines…").  Therefore, Defendants' Demand Letter was an **indirect communication** through Plaintiff's attorney in regards to the collection of a debt, and as a result falls under the purview of the FDCPA.

In *Holliston v. Florida Default Law Group, P.L.*, 2008 U.S. Dist. LEXIS 123863 (M.D. Fla. Mar. 13 2008), plaintiff alleged defendant violated the FDCPA by sending a payoff letter to plaintiff's attorney that included additional costs and fees incurred by plaintiff's mortgage lender after the summary judgement of foreclosure.  *Id.* at *2.  However, the court found the letter accurately stated the amount of plaintiff's debt.  *Id.* at *14-15.  Here, Plaintiff alleges, and it is apparent from Plaintiff's exhibit attached to the Complaint [DE 1-5], that Defendants' violated *15 U.S.C. §§ 1692g(a)(4)* and *1692e* when they incorrectly omitted the writing requirement for requests of verification of the debt as required by the statue.

Furthermore, the communication to an attorney issue in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007), was whether the debt collector violated *Section 1692g(b)* and *Section 1692e* when it faxed a copy of the letter it sent to the debtor to the debtor's attorney.  It was alleged this letter violated *Section 1692g(b)* that requires debt collectors to cease collection of the debt directly from the consumer after the debtor collector receives a written notice disputing a debt.  *Id.* at 934.  The court found communications to a debtor's attorney are actionable under the FDCPA.  *Id.*

However, Plaintiff respectfully requests the Court consider the wise advice contained in the dissent in *Guerrero*, which was almost as lengthy as the opinion itself.  In his dissent, Judge W. Fletcher writes:

11

> According to the majority, whenever a debtor is represented by an attorney none of the protections of the FDCPA protect the debtor against false, misleading, or abusive communications by the debt collector, so long as the communications are directed to the attorney. The majority's conclusion is inconsistent with the purpose of the FDCPA. More to the point, its conclusion is inconsistent with the plain statutory text.
> xxxx
> [I]t is impossible to conclude that all otherwise prohibited conduct is permitted merely because it is directed at a debtor's attorney.
> xxxx
> There is nothing in the text of the FDCPA to indicate that attorneys representing debtors are excluded from the class of third parties to whom a debt collector may not make a false, deceptive, or misleading representation.
> xxxx
> [I]f notwithstanding *§1692e* debt collectors are free to make false, deceptive, or misleading representations to debtors' attorneys, debtors are left vulnerable to the very abuses that the FDCPA was intended to redress.

*Id.* at 942-945 (Fletcher, J., dissent).

## VI. Conclusion

Misleading, deceptive and willfully false statements made by a debt collector to a debtor's attorney, statements that clearly violate the laws as passed by our Legislative Branch and signed by our Executive Branch, should not be discarded by our Judicial Branch because the violation occurred between a debt collector and an attorney for a consumer. This Court should uphold the plain wording of the FDCPA and find Defendants' indirect communication to have violated the FDCPA and hold Defendants accountable. For the reasons stated above, Plaintiff respectfully requests Defendants' Motion to Dismiss be denied.

> Respectfully submitted,
>
> */s/ Leo W. Desmond*
> LEO W. DESMOND, ESQUIRE
> Florida Bar No. 0041920
> 5070 Highway A1A

                                    Suite D
                                    Vero Beach, Florida 32963
                                    Telephone (772) 231-9600
                                    Facsimile (772) 231-0300
                                    lwd@verobeachlegal.com
                                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of March, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF filing system, which will send a notice of electronic filing to the parties listed below.

                                    Respectfully submitted,

                                    */s/ Leo W. Desmond*
                                    LEO W. DESMOND, ESQUIRE
                                    Florida Bar No. 0041920
                                    5070 Highway A1A
                                    Suite D
                                    Vero Beach, Florida 32963
                                    Telephone (772) 231-9600
                                    Facsimile (772) 231-0300
                                    lwd@verobeachlegal.com
                                    *Attorney for Plaintiffs*

## SERVICE LIST

David P. Hartnett, Esquire
HINSHAW & CULBERSTON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, Florida 33134
dhertnett@hinshawlaw.com
*Attorney for Defendants*