UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-14051-CIV-MARRA

CONNIE BISHOP, on behalf of herself
and all others similarly situated,

       Plaintiff,

vs.

ROSS EARLE & BONAN, P.A., and
JACOB E. ENSOR,

       Defendants.

_____/

## **OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss [DE 9]. The

motion is ripe for the Court's consideration.  The Court has reviewed all of the papers submitted

by the parties in connection with the motion, the entire file in this case, and is otherwise duly

advised in the premises.

## **Background**

Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act,

15 U.S.C. §1692 *et seq*. ("FDCPA") [DE 1 at 1].  The sole basis for her allegations is a letter that

was sent to her attorney by Defendants [*Id*. at 4, ¶14; DE 1-4].  She alleges that this letter

violated the requirements of 15 U.S.C. §1692g(a)(4) and 15 U.S.C. §1692e(10), because there is

a discrepancy between the language set forth in the letter and the statute.

The statute requires a Debt Collector to provide a Consumer with a Notice of Debt that

contains, in part,

1

a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. §1692g(a)(4).  The letter to Plaintiff's attorney contained the following language:

Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt.

[DE 1-4 at 2].  The discrepancy that Plaintiff points out between the statute and the letter is limited to the absence in the letter of the phrase "in writing" to advise the Consumer how to contact the Debt Collector.  Plaintiff alleges that this is misleading under 15 U.S.C. §1692e(10) [DE 1 at 4 ¶¶19-20].

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) [DE 9 at 1].  They argue that because the letter at issue was sent to Plaintiff's attorney, it was not a "communication" that triggers the FDCPA.  They conclude that this Court lacks jurisdiction over Plaintiff's claim, and that Plaintiff has also failed to state a claim [*Id.*].

Plaintiff responds that the letter to her attorney was an indirect communication with her that is covered by the FDCPA [DE 10 at 5].

## Legal Standard

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

As the Eleventh Circuit explained in *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990),

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two

forms.  "Facial attacks" on the complaint "require[ ] the court merely to look and
see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction,
and the allegations in his complaint are taken as true for the purposes of the
motion." . . . "Factual attacks," on the other hand, challenge "the existence of
subject matter jurisdiction in fact, irrespective of the pleadings, and matters
outside the pleadings, such as testimony and affidavits, are considered."

*Id*. at 1528-29 (Citations Omitted).  Defendants argue that this case presents a situation where the

attack is factual; so, there is no presumption of truthfulness attaching to Plaintiff's allegations

[DE 9 at 2].  The Court disagrees.  The letter at issue was attached to the Complaint.  As such, it

can be considered by the Court to be part of the pleading.  It is not, therefore, necessary for the

Court to look beyond the pleading itself to make its determination.

### Motion to Dismiss for Failure to State a Claim

With respect to the motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure

requires that a pleading contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). As a general rule, the Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotation marks and citation omitted).

## Discussion

In evaluating Defendants' argument that the Court does not have subject matter jurisdiction over the Complaint, the Eleventh Circuit's analysis in *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1351-52 (11th Cir. 1998) is instructive. "In determining whether the district court had subject matter jurisdiction, we respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." *Id*. at 1352. "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990)(en banc).

Plaintiff's allegations of a violation of the FDCPA are sufficient to give this Court subject matter jurisdiction over this case. To adopt Defendant's argument would mean that any time a complaint failed to state a claim upon which relief could be granted, the Court would lose subject

4

matter jurisdiction.  The Court declines to adopt that reasoning and finds that it has jurisdiction to determine whether Plaintiff has stated a claim under Fed. R. Civ. P. 12(b)(6).

As set forth in the Parties' briefs, different Circuit Courts have come to contrary decisions regarding the issue of whether a communication sent to an attorney is actionable under the FDCPA.  *Compare Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 936 (9th Cir. 2007)(not actionable), *with Allen v. LaSalle Bank*, 629 F.3d 364, 368 (3d Cir. 2011)(actionable).  The Eleventh Circuit has not yet ruled on this issue.  It is not, however, necessary for this Court to weigh in on this issue, as the Complaint fails to state a claim for another reason.

In *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299 (11th Cir. 2014), the Eleventh Circuit noted that

> The absence of one or more of the statutory requirements for the validation notice is actionable as a violation of 15 U.S.C. §1692e under our precedent if the variance is one that would tend to mislead the least sophisticated consumer. . . .
>
>> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.  However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

755 F.3d at 1303 (internal quotations and citations omitted).

The Court finds under this objective standard that the least sophisticated consumer would not have been mislead by the letter to Plaintiff's attorney, even if it had been sent directly to Plaintiff.  The letter was clear that if the law firm was notified within 30 days, it would provide proof of the debt.  The statute permits the debt collector to require that this notice be in writing.  Here, Plaintiff is complaining because Defendants' letter essentially waived this requirement by

permitting a less demanding means of communication than permitted by the statute.  Plaintiff's position does not have a "quotient of reasonableness".  *See, e.g., Stojanovski v. Stobl and Manoogian, P.C.*, 783 F. Supp. 319, 324 (E.D. Mich. 1992)(finding language that clearly stated that verification of the debt would be forwarded to plaintiffs if disputed within 30 days satisfied section 1692g(a)(4) even though the letter did not track the section verbatim).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [**DE 9**] is **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**, because amendment would be futile.  All pending motions are **DENIED AS MOOT**.  The **CLERK** shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in West Palm Beach, Palm Beach County, Florida, this 11th day of May, 2015.

_____
KENNETH A. MARRA
United States District Judge

6