UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CONNIE BISHOP, on behalf of herself and all
others similarly situated,

    Plaintiff,

Case No.. 2:15-cv-14051-KAM

vs.

ROSS EARLE & BONAN, P.A., and JACOB E.
ENSOR,

    Defendants
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, ROSS EARLE & BONAN, P.A., by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Defendant denies it has violated the FDCPA or any other statute or law, and denies that it is liable to Plaintiff. All other allegations are denied.

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court. Defendant admits that Plaintiff purports to allege venue is proper within the jurisdiction of this Court. Defendant is without knowledge as to Plaintiff's residence. Defendant admits it conducts business within this judicial district. All other allegations are denied.

## PARTIES

3. In response to Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant is without knowledge as to Plaintiff's residence, and is without knowledge of whether Plaintiff is a citizen of Florida. All other allegations are denied.

4. In response to the allegations of Paragraph 4 of the Complaint, Defendant admits it is a Florida professional association that conducts business as a law firm in the State of Florida, and is located in Stuart, Florida. All other allegations are denied.

5. In response to the allegations of Paragraph 5 of the Complaint, Defendant admits that Defendant Ensor is an attorney and member of the Florida Bar, and practices law through the Defendant's law firm in the State of Florida, and is located in Stuart, Florida. All other allegations are denied.

6. In response to the allegations of Paragraph 6 of the Complaint, Defendant admits plaintiff purports to collectively refer to both Defendants as "Defendants".

7. In response to the allegations of Paragraph 7 of the Complaint, Defendant admits it uses the mail and telephone when conducting its business representing its clients, but denies it collects "consumer debts" such as to be deemed a "debt collector".

8. In response to the allegations of Paragraph 8 of the Complaint, Defendant admits generally that a part of its business includes the collection of amounts owed to its clients in connection with noncompliance with association requirements resulting in fines. To the extent that the allegations call for a legal conclusion, they are denied. Defendant denies that the underlying amount at issue is a "debt" as defined by the FDCPA, and denies that Defendants are "debt collectors" as defined by the FDCPA. All other allegations are denied.

9. In response to Paragraph 9 of the Complaint, the allegations lack specificity and call for a legal conclusion to which no response is necessary. To the extent a response is

required by the Court, Defendant is without knowledge as to what "Federal opinions" Plaintiff is referring to, since they are not specified. All other allegations are denied as phrased, particularly as applied to the facts at issue in this action.

10.  Defendant denies the allegations in Paragraph 10 of the Complaint.

11.  In response to Paragraph 11 of the Complaint, the allegations lack specificity and call for a legal conclusion to which no response is necessary. To the extent a response is required by the Court, Defendant is without knowledge as to what "acts or omissions" Plaintiff is referring to in Paragraph 11. Accordingly, all other allegations are denied as phrased based upon their ambiguity.

12.  In response to Paragraph 12 of the Complaint, the allegations lack specificity and call for a legal conclusion to which no response is necessary. To the extent a response is required by the Court, Defendant admits that Defendant Ensor practices law through Defendant, ROSS EARLE & BONAN, P.A., but Defendant is without knowledge as to what "actions performed by Defendant Ensor" that Plaintiff is referring to in Paragraph 12. Accordingly, all other allegations are denied as phrased based upon their ambiguity.

## BACKGROUND AND GENERAL ALLEGATIONS

13.  Defendant denies the allegations in Paragraph 13 of the Complaint.

14.  In response to the allegations of Paragraph 14 of the Complaint, Defendant admits that the December 23, 2014 letter referenced as Exhibit 1 was sent to Charles A. Sullivan, Esq., and the actual letter is the best evidence of its contents. All other allegations are denied as phrased.

15.  In response to the allegations of Paragraph 15 of the Complaint, Defendant admits that the December 23, 2014 letter referenced as Exhibit 1 was sent to Charles A. Sullivan, Esq.,

and the actual letter is the best evidence of its contents.  All other allegations are denied as phrased.

16. In response to the allegations of Paragraph 16, the referenced letter is the best evidence of its contents.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. In response to the allegations of Paragraph 18, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

19. In response to the allegations of Paragraph 19, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

20. In response to the allegations of Paragraph 20, the referenced letter is the best evidence of its contents.  Defendant denies the letter was misleading.  All other allegations are denied as phrased.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

**CLASS ACTION ALLEGATIONS
AS TO DEFENDANT ROSS EARLE & BONAN, P.A.**

22. In response to Paragraph 22 of the Complaint, Defendant admits that Plaintiff is attempting to pursue this claim on behalf of a putative class.  Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

15229544v1 0972389

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, Defendant admits that Plaintiff is attempting to pursue this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 28 of the Complaint.

### COUNT I - FDCPA - 1692g(a)(4) CLASS CLAIM
### AGAINST DEFENDANT ROSS EARLE & BONAN, P.A.

29. In response to Paragraph 29 of the Complaint, Defendant reasserts its responses to Paragraphs 1 through 21.

30. In response to the allegations of Paragraph 30, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

31. In response to the allegations of Paragraph 31 of the Complaint, Defendant admits that the December 23, 2014 letter referenced as Exhibit 1 was sent to Charles A. Sullivan, Esq. Defendant denies that the obligation at issue relates to a "consumer debt" as defined by the FDCPA. All other allegations are denied.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

### COUNT II - FDCPA - 1692e CLASS CLAIM
### AGAINST DEFENDANT ROSS EARLE & BONAN, P.A.

36. In response to Paragraph 36 of the Complaint, Defendant reasserts its responses to Paragraphs 1 through 21.

15229544v1 0972389

37. In response to the allegations of Paragraph 37, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

**COUNT III - FDCPA - 1692g(a)(4) - PLAINTIFF'S INDIVIDUAL CLAIM AGAINST DEFENDANT JACOB ENSOR**

43. In response to Paragraph 43 of the Complaint, Defendant reasserts its responses to Paragraphs 1 through 21.

44. In response to the allegations of Paragraph 44, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

45. In response to the allegations of Paragraph 45 of the Complaint, Defendant admits that the December 23, 2014 letter referenced as Exhibit 1 was sent to Charles A. Sullivan, Esq. Defendant denies that the obligation at issue relates to a "consumer debt" as defined by the FDCPA.  All other allegations are denied.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

## COUNT IV – FDCPA - 1692e - PLAINTIFF'S INDIVIDUAL CLAIM AGAINST DEFENDANT JACOB ENSOR

50. In response to Paragraph 50 of the Complaint, Defendant reasserts its responses to Paragraphs 1 through 21.

51. In response to the allegations of Paragraph 51, the referenced statute is the best evidence of its contents, and Defendant denies the allegations to the extent the Plaintiff has not accurately alleged the full statutory section alleged.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant states that if it violated the FDCPA, which it denies, the violation was unintentional, and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error, including but not limited to language inclusive of an "in writing" requirement had been incorporated into form disclosures prior to the letter having been sent to Plaintiff's attorney, and to the extent that the disclosure used for Plaintiff or alleged putative class members did not incorporate an "in writing" component, such was a mistake constituting a *bona fide* error under the FDCPA.

2. Plaintiff's and the putative class' claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any.

3. Plaintiff's and the putative class' claims are barred in whole or in part by the applicable statute of limitations, to the extent that the alleged actions occurred outside of the one

15229544v1 0972389

year limitations period of the FDCPA. While Defendant acknowledges the restrictions placed upon the putative class within a one year period prior to the filing of the Complaint, this defense is asserted in an abundance of caution so as not to waive any statute of limitations defense that may apply.

4. Plaintiff's and the putative class' claims may be barred in whole or in part by the doctrines of waiver and/or consent.

5. Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff and putative class members with respect to the same alleged injuries. Defendant is entitled to have any damages that may be awarded to Plaintiff and putative class members reduced by the value of any benefit or payment to Plaintiff and putative class members from any collateral source.

6. Maintenance of this action as a class action would violate Defendants' rights to be confronted with the witnesses against it as provided in the Sixth Amendment to the United States Constitution.

7. Although it is Plaintiff's burden to establish standing for Plaintiff and the putative class members, to the extent the Court determines otherwise, Defendant asserts that Plaintiff and putative class members lack standing because there is not a live case or controversy under Article III of the U.S. Constitution, including that no actual damages have been incurred by Plaintiff or the putative class members. Neither Plaintiff nor putative class members have the requisite "injury in fact" as required by Article III of the U.S. Constitution, as neither Plaintiff nor putative class members have injuries that are "concrete and particularized" sufficient to establish jurisdiction within this Court. Such is not pled, and cannot be established. *See*

15229544v1 0972389

*Spokeo, Inc. v Robins*, 578 U.S. ___, ___ S. Ct. ___, 2016 WL 2842447 (May 16, 2016); *see also Sheriff v Gillie*, 578 U.S. ___, ___ S. Ct. ___, 2016 WL 2842453 (May 16, 2016).

8. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

**Defendant Is Entitled to Attorney's Fees and Costs**

9. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay such firm attorney's fees related to the same.

10. Plaintiff's claims are asserted against this Defendant in bad faith or for the purpose of harassment, and are vexatious.

11. Defendant is entitled to the recovery of attorney's fees and costs pursuant to 28 U.S.C. §§ 1920, 1927, and 15 U.S.C. § 1692k.

WHEREFORE, Defendant, ROSS EARLE & BONAN, P.A. respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, and 15 U.S.C. § 1692k in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

s/ David P. Hartnett
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendants

Case No. 2:15-cv-14051-KAM

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Leo W. Desmond, Esquire
S. Kelsey Jacobson, Esquire
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Phone:  772-231-9600
E-Mail:  lwd@verobeachlegal.com
E-Mail:  jacobson@verobeachlaw.com

                                        s/ David P. Hartnett
                                        David P. Hartnett
                                        Florida Bar No. 946631
                                        dhartnett@hinshawlaw.com
                                        HINSHAW & CULBERTSON LLP
                                        2525 Ponce de Leon Blvd.
                                        4th Floor
                                        Coral Gables, FL 33134
                                        Telephone: 305-358-7747
                                        Facsimile: 305-577-1063
                                        Attorneys for Defendants

15229544v1 0972389