## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14051-KAM

CONNIE BISHOP, *on behalf of herself*
*and all others similarly situated*

       *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Corporation,* and
JACOB E. ENSOR, *individually*

       Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Connie Bishop, ("Plaintiff") through the undersigned counsel, pursuant to *Fed. R. Civ. P. 37(a),* seeks an Order compelling Defendant Ross Earle & Bonan, P.A. ("Defendant REB") to fully answer, Plaintiff's Second Set of Interrogatories Numbers 1, 2, and 3.  As grounds in support thereof, Plaintiff states as follows:

1.  On November 3, 2016, counsel for the Defendant REB was served with Plaintiff's Second Set of Interrogatories To Defendant Ross Earle & Bonan, P.A. (attached hereto as "Exhibit 1").

2.  To date, Defendant REB has not produce a single response to Plaintiff's Second Set of Interrogatories.

3.  The need for a second set of interrogatories was predicated upon Defendant REB's failure to give a responsive answer to the question asked by Plaintiff's First Set of Interrogatories

1

Number Three (3).  Plaintiff's First Set of Interrogatories to Defendant REB and Defendant REB's Responses to Plaintiff's First Set of Interrogatories are attached hereto "Exhibit 2" and "Exhibit 3" respectively.  Plaintiff's interrogatory asks Defendant REB to state the number of **persons** to which Defendant REB mailed the letter, however Defendant REB's responds with the number of **letters** it mailed.  This answer is not responsive to Plaintiff's interrogatory as it is not uncommon for one letter to be addressed to two people, for instance, one letter could be addressed and sent to a husband and wife.   The distinction is important as Plaintiff has brought this action as a class action, therefore each person the letter was addressed to would be a member of the class.  Plaintiff believes the number of potential class members is at the cusp of the amount needed to show numerosity to certify this action as a class action and therefore believes Defendant REB's evasive response to the interrogatory is an effort to frustrate Plaintiff's attempt to certify a class.

4. Plaintiff's counsel has attempted to contact Defendant REB's counsel by email on December 9, 2016, and by telephone on December 14, 2016, regarding the responses to Plaintiff's Interrogatories, yet has been unbale to receive a response from Defendant REB's counsel and to date Defendant REB has failed to produce any responses to Plaintiff.

5. A proposed Order is attached hereto as "Exhibit 4."

WHEREFORE, Plaintiff respectfully requests this Court enter an Order granting Plaintiff's Motion to Compel Responses to Interrogatories,

    (a)    instructing the Defendant REB to provide, without objection, full and complete responses to Plaintiff's Second Set Of Interrogatories To Ross Earle & Bonan, P.A., Numbers 1, 2, and 3;

    (b)    ordering Defendant REB to pay Plaintiff's reasonable attorney's fees caused by Defendant REB's failure to responses to Plaintiff's discovery requests; and

(c)      granting any other and further relief as this Court deems proper under the circumstances.

## **MEMORANDUM OF LAW**

The instant motion is timely filed pursuant to *Local Rule 26.1(h)(1)*.  Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case . . . [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In order to decide whether a motion to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence."  *Fed. R. Civ. P. 26(b)(1)*.  Additionally, *Rule 26(b)* provides, in relevant part, that "[p]arties may obtain discovery regarding any non privileged matter, that is relevant to any party's claim or defense . . ." *Id.*

In this case, the information sought from Defendant REB is at the heart of this litigation. The discovery sought in these interrogatories requests is central to this case, namely whether class certification is appropriate.

On November 3, 2016, counsel for the Defendant REB was served with Plaintiff's Second Set of Interrogatories.  It is now December 27, 2016, and Defendant REB has failed to respond to Plaintiff's interrogatories.

*Fed. Civ. P. 37(a)(3)(B)(iii)* and *(iv)* state:

Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party failed to respond that inspection will be permitted—or fails to permit inspection—as required under Rule 34.

Defendant REB has failed to tender any responses whatsoever to Plaintiff's discovery requests in violation of *Fed. R. Civ. P. 33(b)(2).*

Plaintiff respectfully requests the Court grant Plaintiff's Motion to Compel Responses to Interrogatories and order Defendant REB to respond to Plaintiff's Second Set of Interrogatories pursuant to *Fed. R. Civ. P. 37(a)(3)(B)(iii).*

## **ATTORNEY'S FEES**

If Plaintiff is successful in obtaining the requested relief, *Fed. R. Civ. P. 37(a)(5)* requires the court, "after giving an opportunity to be heard, . . . [to order] the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The only exceptions to this Rule occur where the movant filed the motion before trying in good faith to obtain the requested discovery without court intervention, the opposing party's lack of response was "substantially justified," or "other circumstances" would render an award of expenses unjust.  *Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), and (iii).*

Plaintiff submits that Defendant REB's conduct here is not "substantially justified," nor are there "other circumstances" before the court which would render an award of expenses unjust. Defendant REB's conduct runs contrary to the principles espoused in the Discovery Practices Handbook that appears at Appendix A to this District's Local Rules.  "Discovery in this District is normally practiced with a spirit of cooperation and civility."  *Paxton v. Great Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 122600 *24 (S.D. Fla., Dec. 16, 2009) (quoting S.D. Fla. L.R. App. A, I.A.(1)).

WHEREFORE, Plaintiff respectfully requests the Court enter an Order granting Plaintiff's Motion to Compel Responses to Interrogatories and awarding the Plaintiff the relief requested therein.

## RULE 37(a) CERTIFICATION

The undersigned hereby certifies that he has in good faith tried to confer with Defendant REB's counsel via email and telephone regarding Defendant REB's failure to adequately respond to Plaintiff's Second Set of Interrogatories yet was unable to receive a response from Defendant REB's counsel and was therefore unable to resolve the matter without the Court's intervention.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned hereby certifies that he has attempted to confer with opposing counsel in an effort to resolve the issues raised by this Motion and has been unable to do so.

Dated: December 27, 2016.

Respectfully submitted,

 /s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: (772) 234-5150
Facsimile: (772) 234-5231
lwd@verobeachlegal.com

*Attorney for Plaintiff*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2016, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,
*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: (772) 231.9600
Facsimile: (772) 231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

**SERVICE LIST**
David P. Hartnett
8900 SW 107 Avenue, Suite 301
Miami, FL 33176
dhartnett@thehartnettfirm.com
Telephone: (305) 598-2000
Facsimile: (305) 228-4890
*Attorney for Defendants*