UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14051-KAM

CONNIE BISHOP, *on behalf of herself
and all others similarly situated*

    *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Corporation,* and
JACOB E. ENSOR, *individually*

    Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ROSS EARLE & BONAN, P.A.

Pursuant to *Fed. R. Civ. P. 33*, Plaintiff, Connie Bishop, ("Plaintiff") by and through her attorney, Leo W. Desmond, Esquire, hereby submits the following Interrogatories to Defendant, Ross Earle & Bonan P.A. (herein known as "REB" or "Defendant"). Plaintiff requests that Defendant serve its answers in writing and under oath, to the undersigned counsel for Plaintiff at Desmond Law Firm, P.C., located at 5070 Highway A1A, Suite D, Vero Beach, Florida 32963, within thirty (30) days of service of these Interrogatories.

## DEFINITIONS

1.    "Any" means one or more.

2.    "Communication" or "communications" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or

1

opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

3. The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

4. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in *Federal Rule of Civil Procedure 34(a)* and includes but is not limited to all definitions contained in *Rule 1001* of the *Federal Rules of Evidence* **including electronic files and included metadata**. Additionally, the term "document(s)" is used in the broadest possible sense to mean, without limitation, any original written, printed or typed, photostated, photographed, recorded, digitized or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any nonconforming notes or other markings made on or attached to such copy, or otherwise. Without limiting the generality of the foregoing, "document(s)" includes, but is not limited to, work papers, correspondence, memoranda, notes, drafts, records, letters, envelopes, telegrams, teletype or telecopy messages, analyses, contracts, agreements, working papers, summaries, statistical statements, accounts, financial statements or work papers, journals, ledgers, invoices, statements of account, checks, receipts, reports and/or summaries of investigations, tables, tabulations, trade letters, press releases, plans, schedules, comparisons, books, calendars, diaries, appointment books, time sheets, telephone logs and messages, articles, magazines, newspapers, booklets, brochures,

pamphlets, circulars, bulletins, notices, drawings, pictures, diagrams, bills or invoices, instructions, resolutions, minutes or transcripts of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, diskettes, data cells, print-outs of information (translated, if necessary into usable form by you), including without limitation, electronically sensitive storage media such as microfiche, microfilm, diskettes, computer disks, removable media and magnetic tapes, including any deleted files and any archived files, and any preliminary versions, drafts, or revisions of the foregoing. "Document" or "documents" also includes the file, folder, tabs and labels appended to or containing any document or documents.

5. The term "document" or "documents" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" or "documents" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

6. Without limitation on the term "control", a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

7. "Identify" or "identity" means to state or a statement of:

    a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the

    name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

  b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

  c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

  d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

  e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

8. "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

9. "Person" includes not only natural persons, but also corporations, companies, partnerships, joint ventures, firms, associations, proprietorships, agencies, syndicates, trusts, groups, boards, authorities, commissions, offices, or other business or legal entities, whether private or governmental.

10. Any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person, and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

11. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

12. "Relevant Period" means February 19, 2014 to February 18, 2015.

13. "You," and/or "your" means Ross Earle & Bonan, P.A., and its agents, representatives, attorneys, experts, and all persons acting or purporting to act on behalf of Defendant.

14. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

15. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

16. The word "each" shall be construed to include "every" and vice versa.

17. The word "any" shall be construed to include "all" and vice versa.

18. The present tense shall be construed to include the past tense and vice versa.

19. The masculine shall be construed to include the feminine and vice versa.

20. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

21.     The "Demand Letter" shall mean the letter dated December 23, 2014, signed by Jacob E. Ensor attached to Plaintiff's Complaint as "Exhibit 1". [DE 1-4].

22.     "*FDCPA*" means the *Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.*

23.     The "Debt" means the monies sought to be collected from Plaintiff in the Demand Letter.

24.     "Plaintiff" shall mean Connie Bishop.

25.     "Homeowners' association" or "association" is defined to be synonymous in meaning and equal in scope to the usage of this term in *Fla. Stat. § 720.301(9).*

## INSTRUCTIONS

1.     Unless otherwise specified, these interrogatories are limited to the time period from February 19, 2014 to February 18, 2015.

2.     Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

3.     Pursuant to *Fed. R. Civ. P. 26(e)*, you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.     For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is

6

responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

5. Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

6. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## **INTERROGATORIES**

1. State the full name, mailing address and telephone number of the person(s) answering these Interrogatories, and the authority by which each person is answering.

2. Do you have an ability to determine the number of persons in the State of Florida to which Defendant mailed, delivered or caused to be served a letter containing the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period,

and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

3. State the number of persons in the State of Florida to which Defendant mailed, faxed, emailed, delivered or caused to be served a letter containing the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

4. Describe the process used to identify or calculate the answer to Interrogatory Number Three (3), including the computer system accessed and the method by which the information was searched. Please also identify by name the individuals who conducted the search.

5. State the name, address, title, and job description of each officer, director, partner, shareholder, or employee of Defendant who authorized, approved or created the Demand Letter.

6. For each claim of the Plaintiff's Complaint filed in this matter to which you anticipate raising the *bona fide error* defense (pursuant to *15 U.S.C. § 1692k(c)*), please identify the specific violation to which the defense will be raised, the specific procedures which were put in place to prevent the violation, how such procedures were reasonably maintained to avoid the violation, the person responsible for that procedure (including last known home address), the means by which the procedure should have operated to prevent the error, the specific error which occurred, and the person (including last known home address) who committed the error.

7. Identify by name, description and date, each document which you have withheld based on an assertion of confidentiality or trade secrecy.

8. Please state why the Demand Letter included the phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt."

9. Please state the names of the counties in Florida in which you collect debts of behalf of homeowners' associations during the Relevant Period.

10. Of the counties identified in Interrogatory Number Nine (9), please state, by county, how many letters were caused to be mailed, faxed, emailed, delivered or caused to be served by Defendant, that included the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

11. Please explain how Defendant distinguished between accounts consisting of consumer debt and accounts consisting of non-consumer debt during the Relevant Period.

Dated: August 2, 2016

Respectfully submitted,

*[signature]*

Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL 32693
Tel: 772-231-9600
Fax: 772-231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing has been furnished by U.S. Mail, postage prepaid, and electronic mail on this August 2, 2016 to:

West Allan Holden, Esq.
HINSHAW & CULBERSTON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, Florida 33134
wholden@hinshawlaw.com
*Attorney for Defendants*

Respectfully submitted,

*[signature]*

Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL 32693
Tel: 772-231-9600
Fax: 772-231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*