UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14051-KAM

CONNIE BISHOP, *on behalf of herself*
*and all others similarly situated*

    *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Corporation,* and
JACOB E. ENSOR, *individually*

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1. Plaintiff, Connie Bishop, respectfully requests that the Court enter an order certifying this case to proceed as a class action. Plaintiff requests that this Court a certify a Class defined as:

(i) all persons (ii) to whom letters that contained the phrase, "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." (iii) that were mailed, delivered or caused to be served by the Defendants (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for

1

personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification. (the "Class").[1]

In support of this Motion Plaintiff states the following:

2. On February 18, 2015, Plaintiff filed her Class Action Complaint pursuant to the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*"). [DE 1].

3. The Defendants filed their Motion to Dismiss on March 16, 2015. [DE 9].

4. This Court's Order granted Defendant's Motion to Dismiss on May 11, 2015. [DE 15].

5. Plaintiff filed her Notice of Appeal on June 3, 2015. [DE 16].

6. Oral argument was held at the Eleventh Circuit Court of Appeals on January 14, 2016.

7. In its opinion dated March 25, 2016, the Eleventh Circuit found merit in Plaintiff's claims and reversed and remanded the case back to the District Court. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016).

8. Defendants filed their Answer to Plaintiff's Complaint on May 19, 2016. [DE 19].

---

[1] To the extent that the proposed class definition differs with that in the Plaintiffs' Class Action Complaint, Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. See *Kohen v. Pacific Investment Management Co. LLC,* 571 F3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed" *Kohen v. Pacific Investment Management Co. LLC,* 571 F3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["the district court can certify subclasses with separate representation of each…if that would be consistent with manageability."] *Id.* at 680. ["holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in the class action litigation, particularly in the formation of a workable class definition" ]: *In re Monumental Life Ins. Co.,* 365 F. 3d 408, 414 (5th Cir 2004) cert. denied, 125 S. Ct. 277 (2004). ["A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."]; *Robidoux v. Celani,* 987 F. 2d 931, 937 (2d Cir. 1993). ["[I]t is certainly within this court's discretion to limit or redefine the scope of the class."]; *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989). ["The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class."]. *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985).

9. The policy and practice of Defendants is or was to:

   send initial communication letters to persons that contained the phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt.".

10. All requirements of *Rule 23* of the *Federal Rules of Civil Procedure* have been met.

11. Defendants have admitted that they have sent letters with the language at issue to at least 24 individuals that contained the phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt."  See Defendant Jacob E. Ensor's Response to Interrogatory Number 2 and Defendant Ross Earle & Bonan, P.A.'s Response to Response to Interrogatory Number 2 attached to Memorandum In Support Of Plaintiff's Motion For Class Certification, as "Exhibit 1" and "Exhibit 2" respectively.

12. There are questions of law and fact common to the *FDCPA* Class, which common issues predominate over any issues affecting only individual Class members.  The factual issue common to each member of the Class is that each was sent an initial communication letter that contained the phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." in violation of *15 U.S.C. § 1692g(a)(4)* and *15 U.S.C. § 1692e.*

13. There are no individual issues other than identifying Class members, which has been accomplished through a review of Defendants' records. Should any Class member have sustained "actual damages" rather than "statutory damages" as sustained by Plaintiff, that Class member will be on notice that they may opt out of the Class in order to pursue an individual action.

14. Plaintiff's claims are typical of Class members. All are based on the same facts and same legal theories.

15. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and class actions. Neither Plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action. See Declaration of Connie Bishop, and Declaration of Leo W. Desmond, Esq., in Support of Plaintiff's Motion for Class Certification, filed separately.

16. Pursuant to *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure*, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Congress specifically contemplates *FDCPA* class actions as a principal means of enforcing the statute. *15 U.S.C. § 1692k(a)(2)(B) and § 1692k(b)(2)*.

    b. In most class actions, a majority of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the most basic common denominator is that Defendants sent collection letters that failed to comply with *15 U.S.C. § 1692g(a)(4)* in violation of their rights under the *FDCPA* and *FCCPA*.

    c. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action is $1,000.00 under the *FDCPA*, and it is unusual for a plaintiff to sustain actual damages.

    d.  Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud. Plaintiff does not foresee any issues in the Court maintaining the action as a class action. The class size is expected to be manageable and each member is readily identifiable.

17. These grounds are further explained and supported by the accompanying Memorandum of Law.

WHEREFORE, Plaintiff, Connie Bishop, respectfully requests that the Court certify this action as a Class action, appoint her as Class Representative and appoint Leo W. Desmond, Esq., as Class counsel.

Dated: February 9, 2017.

                Respectfully submitted,

                 */s/ Leo W. Desmond*
                LEO W. DESMOND
                DESMOND LAW FIRM, P.C.
                Florida Bar No. 0041920
                5070 Highway A1A, Suite D
                Vero Beach, Florida 32963
                Telephone: 772.231.9600
                Facsimile: 772.231.0300
                lwd@verobeachlegal.com
                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                        Respectfully submitted,
                        */s/ Leo W. Desmond*
                        Leo W. Desmond, Esq.
                        Florida Bar No. 0041920
                        DESMOND LAW FIRM, P.C.
                        5070 Highway A1A, Suite D
                        Vero Beach, Florida 32963
                        Telephone: (772) 231.9600
                        Facsimile: (772) 231.0300
                        lwd@verobeachlegal.com
                        *Attorney for Plaintiff*

**SERVICE LIST**
David P. Hartnett
8900 SW 107 Avenue, Suite 301
Miami, FL 33176
dhartnett@thehartnettfirm.com
Telephone: (305) 598-2000
Facsimile: (305) 228-4890
*Attorney for Defendants*