UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14051-KAM

CONNIE BISHOP, *on behalf of herself*
*and all others similarly situated*

    *Plaintiff*,

v.

ROSS EARLE & BONAN, P.A.,
*a Florida Professional Corporation,* and
JACOB E. ENSOR, *individually*

    Defendants.
_____/

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.     NATURE OF THE CASE**

Plaintiff, Connie Bishop ("Plaintiff"), brings this case as a class action against Defendants, Ross Earle & Bonan, P.A., ("Defendant REB") and Jacob E. Ensor ("Defendant Ensor") (collectively "Defendants"), for mailing, delivering or causing to be mailed or delivered initial communication letters in an attempt to collect a debt that included notices which purported to give the disclosures of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* (hereinafter "*FDCPA*").

Plaintiff now requests the Court grant her Motion for Class Certification and to certify this litigation to proceed on behalf of a class. The Class is defined as (i) all persons (ii) to whom initial communication letters that contained the phrase, "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any

1

portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." (iii) that were mailed, delivered or caused to be served by the Defendants (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification. (the "Class").[1]

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II.  PLAINTIFF'S CLAIMS

### A.  THE "LEAST SOPHISTICATED CONSUMER"

The U.S. Court of Appeals for the Eleventh Circuit established the standard by which violations of the FDCPA are analyzed, *i.e.*- whether the communication or other conduct by the debt collector would mislead the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760

---

[1] To the extent that the proposed class definition differs with that in the Plaintiff's Class Action Complaint, Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. See *Kohen v. Pacific Investment Management Co. LLC,* 571 F.3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed" *Kohen v. Pacific Investment Management Co. LLC,* 571 F3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["the district court can certify subclasses with separate representation of each…if that would be consistent with manageability."] *Id.* at 680. ["holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in the class action litigation, particularly in the formation of a workable class definition"]: *In re Monumental Life Ins. Co.,* 365 F. 3d 408, 414 (5th Cir 2004) cert. denied, 125 S. Ct. 277 (2004). ["A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."]; *Robidoux v. Celani,* 987 F. 2d 931, 937 (2d Cir. 1993). ["[I]t is certainly within this court's discretion to limit or redefine the scope of the class."]; *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989). ["The Court has discretion in ruling on a motion to certify a class.  This discretion extends to defining the scope of the class."]. *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985).

F.2d 1168, 1172-75 (11th Cir. 1985); also see: *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp. 2d 1361, 1369 (M.D. Fla. 2002). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 667 (M.D. Fla. 1999); see also *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp. 2d 1361, 1369. Other Circuit Courts have followed the lead of the Eleventh Circuit. "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). See also *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988).

In evaluating claims for violations of the *FDCPA*, the Court must view the Defendants' conduct through the eyes of the least sophisticated consumer.

### B.  DEFENDANTS' DEMAND LETTERS VIOLATE THE FDCPA

*Section 1692g(a)* defines with precision *when* notice must be provided (in the initial communication or within 5 days after it) and *what* that notice must contain:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt**;**

> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer **notifies the debt collector in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> *Id. § 1692g(a).*

(Emphasis added.)

"Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). To comply with *§ 1692g* the required notice must be effectively conveyed to the consumer. *Miller*, 943 F.2d at 484.

The *FDCPA* provides a private right of action for consumers who have been subjected to violations of its terms by debt collectors, including violations of the notice requirements of *§ 1692g*. See *15 U.S.C. § 1692k*. In such an action, a person with respect to whom a debt collector failed to comply with the *FDCPA's* requirements may recover any actual damages sustained, statutory damages of up to $1,000.00 per violation, and reasonable attorney's fees and costs. *Id. §§ 1692k(a)(1)-(3).*

Here, Defendants' initial communication letters omitted that the consumer must dispute the debt "in writing" in order to obtain verification of the debt or a copy of a judgement of the debt. The Eleventh Circuit and several other district courts have held that the omission of the "in writing" requirement of *§ 1692g(a)(4)* states a claim for relief under the *FDCPA*. *See, Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016); *Dickens v. GC, Servs.*, 2016 U.S. Dist. LEXIS 156916, *11-12 (M.D. Fla. Nov. 14, 2016); *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844-845 (E.D. Va. 2011); *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170-1171 (S.D. Cal. 2010); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, *18-19 (E.D.N.C. Mar. 1, 2010); *Nero v. Law Office of Sam Streeter, P.L.L.C*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009); *Chan v. N. Am. Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353, *15-16 (N.D. Cal. Mar. 24, 2006); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002).

### C. **NO ISSUES OF INTENT OR RELIANCE EXIST**

Whether the Plaintiff or any other Class member was misled is not an element of the *FDCPA* cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

> Numerous courts, including one district court within the Eleventh Circuit, have stated that the FDCPA is a strict liability statute. See *Stewart v. Slaughter*, 165 F.R.D. 696, 699 (M.D. Ga. 1996); *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 ("The FDCPA is a strict liability statute…Whether the defendant had actual knowledge of the satisfaction prior to making further attempts to collect goes to the defendant's culpability.") (citations omitted); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

*Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d. 1355, 1361-62 (S.D. Fla. 2000).

The focus of the *FDCPA* is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998).

### D.  STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified, all four requirements of *Federal Rule of Civil Procedure Rule 23(a)* must be satisfied along with one of the three categories of *Rule 23(b)*. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. *Neumont v. State of Florida*, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." *King v. Kansas City Southern Industries*, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in *15 U.S.C. §1692k(a)* and *(b)* for *FDCPA* class action cases. In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992).

### E.  THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

#### 1. *RULE 23(a)(1)*- NUMEROSITY

*Rule 23(a)(1)* requires that the Class be "so numerous that joinder of all members is impracticable." However, impracticable does not mean impossible. *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000).

Defendants have admitted they sent the same initial communication letter to 24 individuals on behalf of their clients that contained the phrase "Federal law gives you thirty (30) days after

6

your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." in an attempt to collect a debt, between February 19, 2014 to February 18, 2015.  See "Exhibit 1" Response Number 2 and "Exhibit 2" Response Number 2.  Therefore, Defendants' practice of sending initial communication letters that contained notices which purportedly gave the debtors the notice required by *15 U.S.C. §1692g(a)*, that omitted the "in writing" requirement of *15 U.S.C. §1692g(a)(4)*, satisfies the numerosity requirement of *Rule 23(a)* for certification of the *FDCPA* Class.

Where the class numbers 25 or more, joinder is usually impracticable.  *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986) (25 sufficient).  In this instance, courts have certified classes with similar amounts of Class members as Defendants have admitted to sending the form letters that included the defective *15 U.S.C. § 1692g(a)* notice here. *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D 251, 256 (S.D. Iowa 2001) (17 class members); *Lanning v. Southeastern Pennsylvania Transportation Authority*, 176 F.R.D. 132, 147 (E.D. Pa. 1997) (22 class members); *Gaspar v. Linatec Corp.*, 167 F.R.D. 51, 61 (N.D. Ill. 1996) (18 class members); *Bruce v. Christian*, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (16 class members); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506, 508 (S.D. Ohio 1985) (23 class members); *Arkansas Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765 (8th Cir. 1971) (20 class members); *Rosario v. Cook County*, 101 F.R.D. 659 (N.D. Ill. 1983) (20 class members); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1030 (6th Cir. 1977) (7 class members); *Dale Electronics, Inc. v. R.C.L. Elecs., Inc.*, 53 F.R.D. 531 (D.N.H. 1971) (13 class members); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members).

Courts have discretion in certifying a class. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). "There is no rigid standard for determining numerosity." *Hicks v. Client Services, Inc.*, 2008 U.S. Dist. LEXIS 101129, * 7 (S.D. Fla. Dec. 11, 2008). "In assessing impracticality of joinder when the class size is not great, courts consider factors such as 'the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought.'" *McCluskey v. Trs. of Red DOT Corp. ESOP & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) quoting *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982); *see also* Newberg and Conte, *1 Newberg on Class Actions* § 3.6 (4th ed. 2002) (stating that "factors relevant to the joinder impracticability issue include judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members.").

Here, the geographical diversity of the class members is great as Defendants have admitted they sent the initial communication letters to individuals located in Martin County, Saint Lucie County, Palm Beach County, Sarasota County, Indian River County, Canada and New York, New York. See "Exhibit 3" Response Number 10 and "Exhibit 4" Response Number 10. Additionally, the size of individual claims is small as the *Act* caps the statutory amount that can be recovered at $1,000.00. *15 U.S.C. § 1692k(a)*.

> Because the maximum statutory recovery for each putative class member is $ 1,000, the Court is persuaded that the putative class members would have suffered hardship in litigating the individual lawsuits due to the disproportionate litigation expense in relation to the actual value of their claims.

8

*Wilhelm v. Credico, Inc.*, 2008 U.S. Dist. LEXIS 97740, *8 (D.N.D. Dec. 2, 2008). Furthermore, as this case was initiated almost two years ago, the statute of limitations has run for the potential class members as the *Act* contains a one year statute of limitations for violations of the *FDCPA*. *15 U.S.C. § 1692k(d)*.

Here, Defendants have admitted the letter with the alleged defective *15 U.S.C. § 1692g(a)* notice was sent to at least 24 individuals, dispersement of the class is great, the size of individual claims is small, and the potential class members don't have the ability to initiate their own suit, therefore, Plaintiff has satisfied the *Rule 23(a)(1)* requirement of numerosity and illustrated the impracticality of joinder.

## 2. *RULE 23(a)(2)*-COMMONALITY

*Rule 23(a)(2)* of the *Federal Rules of Civil Procedure* requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members. *Hicks v. Client Services, Inc.*, 2008 U.S. Dist. LEXIS 101129, *13 (S.D. Fla. 2008); *Armstead v. Pingree*, 629 F. Supp. 273 at 280; *Pottingar v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

"Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "The commonality element is generally satisfied when a plaintiff alleges that 'defendants have engaged in a standardized course of conduct that affects all class members.'"

*Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 615 (S.D. Fla. 2009) quoting *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D. Fla. 2004).  See also *Agan*, 222 F.R.D. at 697; *In re Amerifirst Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991).

Each Class member was served with an initial communication letter that included a notice by Defendants, substantially identical to the Demand Letter sent to Plaintiff's attorney that misleadingly stated "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it.  If you do not dispute it within that period, we will assume it is valid.  If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." when pursuant to *15 U.S.C. §1692g(a)(4)* the consumer must dispute the debt "in writing" in order to request verification of the debt or a copy of a judgement of the debt.  "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter."  *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).  "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g."  *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D. Conn. 2000).

The principal legal issue in this case is whether Defendants' initial communication letters that included defective *15 U.S.C. § 1692g(a)* notices notice violate the *FDCPA*.  The only individual issue is the identification of the class members.  This has already been accomplished by a review of the Defendants' records.  *FDCPA* claims based on standard language in documents or standard practices are well suited for class certification.  *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665 at 668.

Plaintiff has satisfied the commonality requirement of *Rule 23(a)(2)*.

### 3. *RULE 23(a)(3)*-TYPICALITY

*Rule 23(a)(3)* of the *Federal Rules of Civil Procedure* requires that the claims of the named plaintiffs be typical of the claims of the Class. A named plaintiff's claim is typical if it arises from the same practices that give rise to the claims of other class members and the claims are based on the same legal theory. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 at 1337. See *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692 at 698-99.

In the instant case, typicality is inherent in the class definition, *i.e.*, each of the Class members were sent a collection letter that included the same exact defective wording purporting to give notice as required by the *FDCPA*. In *Hicks*, Judge Dimitrouleas considered a very similar case and concluded regarding typicality:

> Indeed, her FDCPA claim is that she received a message from Defendant without information required by the FDCPA, and the class is defined to include those who received a message from Defendant without that same information. Thus, Plaintiff has satisfied this element for class certification.

*Hicks*, 2008 U.S. Dist. LEXIS 101129 at *22. That *Hicks* involved a form telephone message instead of a collection letter is of no matter. Here, Defendants' collection letters failed to disclose the rights provided by *Section 1692g(a)* of the *FDCPA*.

Therefore, the typicality requirement of *Rule 23(a)(3)* has been met because each member of the Class was subjected to the same violation of the *FDCPA* as Plaintiff.

### 4. *RULE 23(a)(4)*-ADEQUACY OF REPRESENTATION

*Rule 23* of the *Federal Rules of Civil Procedure* also requires that the named plaintiff provide fair and adequate protection of the interests of the Class. "Under this criterion, the named plaintiffs must ensure that (1) no conflict of interest exists between them and the putative class

members and that (2) the action will be vigorously prosecuted." *Israel v. Avis Rent-a-Car Sys. Inc.*, 185 F.R.D. 372, 380 (S.D. Fla. 1999).

Plaintiff understands her responsibilities as the Class representative. See Declaration of Connie Bishop in Support of Plaintiff's Motion for Class Certification, filed separately. Plaintiff is represented by counsel experienced in the handling of consumer class actions. See Declaration of Leo W. Desmond in Support of Plaintiff's Motion for Class Certification, filed separately.

A relevant consideration under *Rule 23(a)(4)* is whether the interests of the named plaintiffs are coincident with the general interests of the class. Here, Plaintiff and the Class members seek statutory damages as the result of Defendants' unlawful collection practices. Given the identical nature of the claims between Plaintiff and the Class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the Plaintiff and those of the Class. Should there be Class members with actual damages, which is highly unusual, those members will have an ability to opt out of the class action and bring their own lawsuit, but only if the action is certified. If certified, the very fact that this action is pending will have allowed those claims to be tolled to the benefit of the absent class members.

The *Rule 23(a)(4)* representativeness requirement has been satisfied. Plaintiff should be appointed as the Class representative. Pursuant to *Rule 23(g)*, the Court is requested to appoint Leo W. Desmond as Class counsel.

### 5. *RULE 23(b)(3)*-COMMON QUESTION OF LAW OR FACT PREDOMINATE

*Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "The predominance issue under Rule 23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual

members." *Carter v. West Publ. Co.*, 1999 U.S. Dist. LEXIS 8231, at *22 (M.D. Fla. 1999). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer…fraud…" *Amchem Products, Inc. v. Windsor*, 117 S. Ct. at 2250. "The court's inquiry is typically focused on 'whether there are common liability issues which may be resolved efficiently on a class-wide basis.'" *Drossin*, 255 F.R.D. 608 at 616. quoting *Brown v. SCI Funeral Servs. of Fla.*, 212 F.R.D. 602, 606 (S.D. Fla. 2003).

"Under Rule 23(b)(3) 'it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). quoting *In re Theragenics Corp. Secs. Litig.*, 205 F.R.D. 687, 697 (N.D. Ga. 2002).

Even though it is not necessary that all questions of law or fact be common, in this case all questions of law or fact are common. The common "nucleus of operative fact" is that all Class members, by definition, were served an initial communication collection letter by Defendants containing the identical subject language as the Demand Letter served upon Plaintiff, and were subjected to the same violations of the *FDCPA* as Plaintiff. Moreover, Defendants have admitted to sending letters to at least 24 individuals containing the misleading phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." See "Exhibit 1" Response Number 2 and "Exhibit 2" Response Number 2.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document or practice is the focal point of the analysis. *Swanson v. Mid Am. Inc.*, 186 F.R.D. at 668.

Because of the standardized nature of Defendants' conduct, common questions predominate. The only individual issue is the identification of the persons to whom Defendants sent the form collection letters that included the defective notice, a matter which has been determined by review of Defendants' records. In this case, it is clear that both factual issues and the issues of law are common to the Class.

### 6. *RULE 23(b)(3)*-CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

"The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Carter v. West Publ. Co.*, 1999 U.S. Dist. LEXIS 8231, at *22. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." *Kelly v. Sabretech Inc.*, 1999 U.S. Dist. LEXIS 15445, *51 (S.D. Fla. 1999). Therein, the Southern District of Florida found that "a class action is the superior method for adjudicating the claims of the Plaintiffs." *Id.* at *54.

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "…inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

14

"In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. See Advisory Committee Note to 1996 Amendment to Rule 23." *Israel v. Avis Rent-a-Car Sys.*, 185 F.R.D. at 387. For an *FDCPA* claim, the class recovery of statutory damages is the lesser of $500,000 or 1% of the Defendants' net worth. *15 U.S.C. §1692k(a)(2)(B)*.

In a previous *FDCPA* matter, Judge Dimitrouleas stated: "The large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating the FDCPA claim." *Hicks*, 2008 U.S. Dist. LEXIS 101129 at *26. See also *Drossin*, 255 F.R.D. at 618.

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual subjected to Defendants' practices. See *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of a debt collector's form collection letter.

> The essential common factual link between all of the prospective class members is the letter sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters. Defendants contest that a class action is not the superior method to resolve this controversy. However, this Court finds that the criterion set out in Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy.

*Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 at 700-01. For form letters certification of this *FDCPA* action will provide an efficient and appropriate resolution of the controversy.

Furthermore, certification of this action as a class action is a superior method to resolve the claims of this case. Without such certification, no absent class member will have any ability to

15

recover any damages since the one year statute of limitations provided by the *FDCPA* has lapsed, leaving the absent class members with no recourse.  Certification of the proposed class is not just superior, it is the only option to provide a just result to the absent class members and should weigh heavily in favor of certification of this proposed class.

The preponderance and superiority elements of *Rule 23(b)(3)* have been met.

### III.    CONCLUSION

The proposed Class meets the requirements of *Federal Rule of Civil Procedure 23(a)* as well as *Federal Rule of Civil Procedure 23(b)(3)*.  Therefore, Plaintiff respectfully requests that the Court certify this action as a Class action, appoint her as Class representative, and appoint Leo W. Desmond as Class counsel.

Respectfully submitted,

*/s/ Leo W. Desmond*
LEO W. DESMOND
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@verobeachlegal.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        Respectfully submitted,
        */s/ Leo W. Desmond*
        Leo W. Desmond, Esq.
        Florida Bar No. 0041920
        DESMOND LAW FIRM, P.C.
        5070 Highway A1A, Suite D
        Vero Beach, Florida 32963
        Telephone: (772) 231.9600
        Facsimile: (772) 231.0300
        lwd@verobeachlegal.com
        *Attorney for Plaintiff*

**SERVICE LIST**
David P. Hartnett
8900 SW 107 Avenue, Suite 301
Miami, FL 33176
dhartnett@thehartnettfirm.com
Telephone: (305) 598-2000
Facsimile: (305) 228-4890
*Attorney for Defendants*