UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CONNIE BISHOP, on behalf of herself and all
others similarly situated,

    Plaintiff,         CASE NO. 2:15-cv-14051-KAM

vs.

ROSS EARLE & BONAN, P.A.; a Florida
professional corporation and JACOB E.
ENSOR, individually,
    Defendants.
_____/

## DEFENDANT ENSOR'S NOTICE OF SERVICE OF RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT JACOB ENSOR

Defendant, JACOB E. ENSOR, hereby serves notice of the attached Responses to Plaintiff's First Interrogatories to Jacob E. Ensor.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2017, I served via mail the foregoing to:

Leo W. Desmond, Esquire
5070 Highway A1A
Suite D
Vero Beach, FL 32963
Phone: 772-231-9600
E-Mail: lwd@verobeachlegal.com
*Counsel for Plaintiff*

/s David P. Hartnett

David P. Hartnett
Florida Bar No. 946631
dhartnett@thehartnettfirm.com
Hartnett Law P.A.
8900 S.W. 107 Avenue, Suite 301
Miami, FL 33176
Phone: 305 598-2000
Fax: 305 675-6171

Case No. 2:15-cv-14051-KAM

## GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's requests to the extent that they may be read to request information and documents that would be privileged from disclosure under the attorney-client privilege, the work product privilege, or any other privilege provided for pursuant to the Federal Rules of Civil Procedure and other applicable Federal or State law.

Case No. 2:15-cv-14051-KAM

## RESPONSES TO SPECIFIC INTERROGATORIES

1. State the full name, mailing address and telephone number of the person(s) answering these Interrogatories, and the authority by which each person is answering.

**RESPONSE**: Jacob Ensor, Ross Earle Bonan & Ensor, P.A., 789 S. Federal Highway, Suite 101, Stuart, Florida 34994, c/o David P. Hartnett, Esq., Hartnett Law P.A., 8900 SW 107 Ave., Ste 301, Miami, FL 33176, Telephone: 305-598-2000, Facsimile: 305-675-6171, Attorneys for Defendant.

2. In response to Number Three (3) of Plaintiffs First Set of Interrogatories to Defendant Ross Earle & Bonan, P.A., Plaintiff requests Defendant Ross Earle & Bonan, P.A. to

> State the number of persons in the State of Florida to which Defendant mailed, faxed, emailed, delivered or caused to be served a letter containing the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.
>
> Defendant Jacob Ensor, responded:
>
> Twenty (20) letter have been identified. Of these twenty (20) letters, approximately ___ were prepared to be sent by or on my behalf. Of these twenty letters, there are four (4) which may not have been mailed, faxed, emailed, or delivered. Drafts of these letters have been located but hard copies have not been located.

Please state of the twenty (20) letters identified ("the twenty (20) letters") how many individuals were the letters were addressed to. For example and by way of illustration, if the letter was addressed to Mr. and Mrs. Smith, the correct answer would be two individuals.

3

**RESPONSE**: An additional letter with the disclosure language at issue was discovered, making the total letters identified 21 letters. The newly discovered letter was addressed to a Canadian address. The firm does not know how many of these 21 letters relate to "debts" that are subject to the FDCPA. Nevertheless, the firm has identified 20 individuals where the letters were addressed to individuals with Florida addresses. Of these 20 individuals, three couples with the same last name (i.e. 6 individuals) had one letter addressed to them jointly (i.e. 3 letters). Another 2 individuals had one letter addressed to their attorney via email, and it is unknown whether the two individuals were Florida residents at the time, but they have been included in the 20 individuals.

Additionally, 2 additional letters were sent to "Unknown tenants in possession" demanding rent be forwarded to the homeowners association pursuant to Fla. Stat. 720.3085(8).

3. Describe the process used to identify or calculate the answer to Interrogatory Number Two (2), including the computer system accessed and the method by which the information was searched. Please also identify by name the individuals who conducted the search.

**RESPONSE**: The letters at issue were prepared using Microsoft Word, and a search of the firm's Network drive was performed using the Windows search function and search tools searching for the phraseology at issue in the letter sent to Ms. Bishop's attorney. A search was

4

performed for hard copies of the letters as well. Jacob Ensor and his assistant, Kim Hauck, conducted the search, along with others in the firm. After the letters were identified, a manual review of the letters was undertaken to identify the number of individuals in Florida for whom the letters were addressed. Ms. Bishop was included as an individual because a letter directed to her attorney, Mr. Sullivan, was sent. In another instance, a letter that was addressed to a lawyer for two individuals was counted as two. In all other instances, a manual count of the addressees to which the letters were directed were counted for each addressee with a Florida address.

4. Please state of the twenty (20) letters how many were prepared to be sent by or on your behalf.

**RESPONSE:** 19 of the 21 letters were prepared for my signature.

5. Describe the process used to identify or calculate the answer to Interrogatory Number Four (4), including the computer system accessed and the method by which the information was searched. Please also identify by name the individuals who conducted the search.

**RESPONSE:** The letters at issue were prepared using Microsoft Word, and a search of the firm's Network drive was performed using the Windows search function and search tools searching for the phraseology at issue in the letter sent to Ms. Bishop's attorney. A search was performed for hard copies of the letters as well. Jacob Ensor and his assistant, Kim Hauck, conducted the search, along with others in the firm. After the letters were identified, a manual

Case No. 2:15-cv-14051-KAM

review of the letters was undertaken to identify the number letters prepared for Mr. Ensor's signature.

6. Of the twenty (20) letters, please state how many persons were sent letters by you or on your behalf.

**RESPONSE**: Of the 19 letters prepared for my signature, it is believed that letters may have been sent to the 20 individuals with Florida addresses referred to in the response to Interrogatory 2 (inclusive of the two presumed to have Florida addresses where the letter was addressed to those persons' lawyer via email).

7. Describe the process used to identify or calculate the answer to Interrogatory Number Six (6), including the computer system accessed and the method by which the information was searched. Please also identify by name the individuals who conducted the search.

**RESPONSE**: The letters at issue were prepared using Microsoft Word, and a search of the firm's Network drive was performed using the Windows search function and search tools searching for the phraseology at issue in the letter sent to Ms. Bishop's attorney. A search was performed for hard copies of the letters as well. Jacob Ensor and his assistant, Kim Hauck,

conducted the search. After the letters were identified, a manual review of the letters was undertaken to identify the number letters prepared for Mr. Ensor's signature.

_____
Jacob E. Ensor

## CERTIFICATION

STATE OF FLORIDA

COUNTY OF MARTIN

BEFORE ME personally appeared Jacob E Ensor, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is (are) personally known to me or has produced _____ as identification and who did take an oath, and swears that he/she has read the responses to the *Plaintiff's Second Set of Interrogatories to Defendant Jacob E. Ensor*, and that the same is true and correct.

WITNESS my hand and official seal, this 11 day of January, 2017.

KIM M. HAUCK
Commission # FF 162346
Expires September 23, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Kim M. Hauck

Case No. 2:15-cv-14051-KAM

Notary Public, State of _____
Printed Name: _____
My commission expires: _____

Dated: This 11 day of January, 2017.