UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CONNIE BISHOP, on behalf of herself and all
others similarly situated,

        Plaintiff,

CASE NO. 2:15-cv-14051-KAM

vs.

ROSS EARLE & BONAN, P.A.; a Florida
professional corporation and JACOB E.
ENSOR, individually,
        Defendants.
_____/

### DEFENDANT'S NOTICE OF SERVICE OF OBJECTIONS AND EXECUTED RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant, ROSS EARLE & BONAN, P.A. hereby serves notice that it has served its Objections and Executed Responses to Plaintiff's First Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2016, I served via mail the foregoing to:

Leo W. Diamond, Esquire
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Phone:  772-231-9600
E-Mail:  lwd@verobeachlegal.com
*Counsel for Plaintiff*

/s David P. Hartnett

David P. Hartnett
Florida Bar No. 946631
dhartnett@thehartnettfirm.com
Hartnett Law P.A.
8900 S.W. 107 Avenue, Suite 301
Miami, FL  33176
Phone:  305 598-2000
Fax:  305 675-6171

## **GENERAL OBJECTIONS**

1.      Defendant objects to the Plaintiff's Interrogatories, including, but not limited to, the definitions and instructions to the extent that they attempt to alter, enlarge and otherwise impose obligations upon the defendant which are greater than those imposed by the Federal Rules of Civil Procedure, including the following objections to definitions. Defendant responds to this discovery as and to the extent required by FED. R. CIV. P. 33

2.      Defendant objects to Plaintiff's requests to the extent that they seek information in excess of, or seek to obtain discovery, beyond the control of Defendant.

3.      Defendant objects to the definitions provided by Plaintiff in his requests to the extent that the definitions purport to vary the ordinary and common meaning of the terms defined, including those identified below.

Defendant also objects to the definition of "Identify" or "Identity" where such is attempted to be defined differently than used in the ordinary context and meaning of the word, including contemplating providing at responses to at least 5 or 6 separate questions regarding name, present and last known home address, present and last known business address, present and last known home and business telephone numbers, present and last known employer and position, and the "nature" and dates of "any past or present affiliation between the person or any party to this lawsuit." Such definition seeks to include persons that are not the Defendant, and further seeks multiple parts to an individual term "identify" or "identity", and is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request.

In responding to this discovery, Defendant shall give words their ordinary and common meaning.

4. Defendant objects to Plaintiff's requests to the extent that they may be read to request information and documents that would be privileged from disclosure under the attorney-client privilege, the work product privilege, or any other privilege provided for pursuant to the Federal Rules of Civil Procedure and other applicable Federal or State law.

5. Defendant objects to Plaintiff's requests to the extent that they can be read to require Defendant to create or produce documents which are not in existence or in Defendant's possession.

6. Defendant objects to the use of the terms "any," "all" or "each and every" or other similar terms due to the fact that such terms are overly broad and unduly burdensome in relation to the scope of requests as worded by Plaintiff.

7. Each of the above objections is incorporated into each Response below and is not waived by virtue of Defendant's responses.

## RESPONSES TO SPECIFIC INTERROGATORIES

1.  State the full name, mailing address and telephone number of the person(s) answering these Interrogatories, and the authority by which each person is answering.

**RESPONSE**: David B. Earle, Ross Earle Bonan & Ensor, P.A., 789 S. Federal Highway, Suite 101, Stuart, Florida 34994, c/o David P. Hartnett, Esq., Hartnett Law P.A., 8900 SW 107 Ave., Ste 301, Miami, Fl 33176, Telephone: 305-598-2000, Facsimile: 305-675-6171, Attorneys for Defendant.

2.  Do you have an ability to determine the number of persons in the State of Florida to which Defendant mailed, delivered or caused to be served a letter containing the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

**RESPONSE:** Yes.

3.  State the number of persons in the State of Florida to which Defendant mailed, faxed, emailed, delivered or caused to be served a letter containing the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

**RESPONSE:** Twenty (20) letters have been identified. Of these twenty (20) letters, there are four (4) which may not have been mailed, faxed, emailed, or delivered. Drafts of these letters have been located but hard copies have not been located

4.  Describe the process used to identify or calculate the answer to Interrogatory Number Three (3), including the computer system accessed and the method by which the information was searched. Please also identify by name the individuals who conducted the search.

**RESPONSE:** The letters at issue were prepared using Microsoft Word, and a search of the firm's Network drive was performed using the Windows search function and search tools searching for the phraseology at issue in the letter sent to Ms. Bishop's attorney.

5.  State the name, address, title, and job description of each officer, director, partner, shareholder, or employee of Defendant who authorized, approved or created the Demand Letter.

**RESPONSE:** Jacob Ensor, and his assistant, Kim Hauck.

6.  For each claim of the Plaintiffs Complaint filed in this matter to which you anticipate raising the bona fide error defense (pursuant to 15 U.S.C. 1692k(c)), please identify the specific violation to which the defense will be raised, the specific procedures which were put in place to prevent the violation, how such procedures were reasonably maintained to avoid the violation, the person responsible for that procedure (including last known home address), the means by which the procedure should have operated to prevent the error, the specific error which occurred, and the person (including last known home address) who committed the error.

**RESPONSE:** Plaintiff asserts that the language phraseology used in the December 23, 2014 letter attached to the operative complaint violated the sections 1692g(a)(4) and 1692e(10) of the FDCPA because the language did not include an "in writing" dispute provision related to the disclosure required in section 1692g(a)(4). In October 2013, a similar claim was asserted in a case called *Geniti v Ross Earle Bonan, P.A.*, S.D. Fla., Case No 13-cv-14390. Shortly after the *Geniti* action was filed in 2013, the firm changed its form letter language to include the "in writing" language dispute disclosure, and letters that included a disclosure were thereafter supposed to include the new firm mandated disclosure. When letters are sent that would include this language, they are prepared and reviewed in the context of the purpose that is being

undertaken through the law firm to represent its clients, and almost always that preparation and review involves an attorney. The new disclosure that incorporated the "in writing" requirement was supposed to be included in the December 23, 2014 letter sent from Jacob Ensor that was sent to Ms. Bishop's attorney. Because the letter sent to Ms. Bishop's attorney was a letter sent outlining specific violations and fines that were disputed by Ms. Bishop through her attorney, the December 23, 2014 letter was not a "form" letter that would have merged the disclosure language that is used in the preparation of initial demands for obligations owed. Rather, the December 23, 2014 letter was prepared with the direction to Mr. Ensor's assistant, Ms. Houck, to incorporate the disclosure language used by the firm at that time. Unfortunately, the disclosure mistakenly incorporated into Mr. Ensor's letter was taken from an older letter that used the prior disclosure that had been changed after the *Geniti* action was filed, and Mr. Ensor did not catch the disclosure in the final review before the letter was signed and sent to Ms. Bishop's attorney.

7. Identify by name, description and date, each document which you have withheld based on an assertion of confidentiality or trade secrecy.

**RESPONSE:** Defendant objects to the interrogatory because a response would require it to review information protected by attorney-client privilege, the work product doctrine, as well as other provisions requiring a lawyer to maintain the confidentiality of a client's matters. Defendant also objects on the basis that the interrogatory requests the disclosure of other matters that would be confidential to other persons that are not Ms. Bishop, including the revelation of other persons'

personal and financial matters. Generally, other than the documents sent to and from Ms. Bishop or her attorney, all responsive files and documents related to the representation of the firm's clients have been withheld on the basis of work product, attorney-client privilege, and confidentiality pursuant to Florida Rule of Procession Conduct 4-1.6, and other confidentiality provisions and requirements that a lawyer and law firms have pertaining to a duty to protect the confidentiality of a client's matters under Florida and federal law.

8.  Please state why the Demand Letter included the phrase "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt."

**RESPONSE:** The December 23, 2014 letter from Mr. Ensor contained the disclosure language at issue as a prophylactic measure to attempt to provide the disclosure as a way of avoiding litigation based upon FDCPA disclosures, even though the firm maintains that such was not required by the FDCPA as a matter of law.

9.      Please state the names of the counties in Florida in which you collect debts of behalf of homeowners' associations during the Relevant Period.

**RESPONSE:** Defendant objects to the interrogatory because a response would require it to review information protected by attorney-client privilege, the work product doctrine, as well as other provisions requiring a lawyer to maintain the confidentiality of a client's matters. Defendant also objects on the basis that the interrogatory requests the disclosure of other matters that would be confidential to other persons that are not Ms. Bishop, including the revelation of other persons' personal and financial matters. Defendant also objects to the interrogatory's use of the term "debts" as vague and ambiguous to the extent that it may differ from the manner in which the term is defined by the FDCPA, which is limited in nature as to the type of obligations covered under the statute. Notwithstanding said objection, the firm represents its clients primarily in the following Florida counties: Indian River, Martin, St. Lucie, Okeechobee, Palm Beach and occasionally Brevard counties.

10.     Of the counties identified in Interrogatory Number Nine (9), please state, by county, how many letters were caused to be mailed, faxed, emailed, delivered or caused to be served by Defendant, that included the phrase: "Federal law gives you thirty (30) days after your receipt of this letter, to dispute the validity of the debt or any portion of it. If you do not dispute it within that period, we will assume it is valid. If you do dispute the debt, or any portion of it, you must

notify us within the said thirty (30) day period, and we will, as required by law, obtain and mail to you, proof of the debt." during the Relevant Period.

**RESPONSE:** See Response to Interrogatory No. 3. Twenty (20) letters have been identified that may have been sent. Twelve (12) letters were in Martin County, Fl. Three (3) letters were St. Lucie County, Fl. One (1) letter was Palm Beach County, Fl. One (1) letter was Sarasota County, Fl. One (1) letter was Indian River County, Fl. One (1) letter was Canada. One (1) letter was New York, N.Y.

11. Please explain how Defendant distinguished between accounts consisting of consumer debt and accounts consisting of non-consumer debt during the Relevant Period.

**RESPONSE:** The firm did not distinguish between "consumer debt" and "non-consumer debt" accounts. Notwithstanding such, the firm maintains that homeowner association fines as not "consumer debts" as defined by the FDCPA, and investment property is not a "consumer debt" as defined by the FDCPA.

Case No. 2:15-cv-14051-KAM

ROSS EARLE & BONAN, P.A.


By:_____


## **CERTIFICATION**

STATE OF FLORIDA

COUNTY OF MARTIN

 BEFORE ME personally appeared _____, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is (are) personally known to me or has produced _____ as identification and who did take an oath, and swears that he/she has read the responses to the *Plaintiff's First Set of Interrogatories to Defendant Ross Earle Bonan, P.A.*, and that the same is true and correct.

 WITNESS my hand and official seal, this ___ day of _____, 2016.

_____<br>
Notary Public, State of _____<br>
Printed Name: _____<br>
My commission expires: _____

Dated: This ___ day of _____, 2016

Case No. 2:15-cv-14051-KAM

ROSS EARLE & BONAN, P.A.

By: _____, President

## CERTIFICATION

STATE OF FLORIDA

COUNTY OF MARTIN

BEFORE ME personally appeared David B. Earle, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is (are) personally known to me or has produced _____ as identification and who did take an oath, and swears that he/she has read the responses to the *Plaintiff's First Set of Interrogatories to Defendant Ross Earle Bonan, P.A.*, and that the same is true and correct.

WITNESS my hand and official seal, this 11th day of October, 2016.

_____
Notary Public, State of _____
Printed Name: _____
My commission expires: _____

Dated: This 11th day of October, 2016



KIM M. HAUCK
Commission # FF 162346
Expires September 23, 2018
Bonded Thru Troy Fain Insurance 800-385-7019